IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV78-01-MU

| | |
|---|---|
| MICHAEL ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| STATE OF NORTH CAROLINA, <u>et. al.</u>, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed March 10, 2008.

Plaintiff also names the State of North Carolina as a defendant. States are not "persons" within the meaning of § 1983. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Consequently, the State of North Carolina is dismissed from this case.

Plaintiff also names Cleveland County as a defendant in this action. In order to sue a county, a plaintiff must allege that his injury was caused by the execution of a municipal custom or policy. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978). Plaintiff does not allege that he was denied proper medical care pursuant to a custom or policy. Consequently, the Cleveland County Correctional Facility is dismissed from this case.

Plaintiff names the Cleveland County Correctional Facility as a defendant in his Complaint. A county jail, however, is not a proper party to a § 1983 claim and the jail is dismissed from this case.

Plaintiff also names the Warden and the Medical Director as defendants. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Rather, § 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by either the Warden or the Medical Director with regard to the incidents that form the basis of his Complaint. Nor does Plaintiff allege that the conduct at issue was the result of a policy or custom of the Warden or the Medical Director. Consequently, Plaintiff fails to state a claim against these Defendants.

As a result of the dismissal of the Cleveland County Correctional Facility, Cleveland County, the State of North Carolina, the Medical Director and the Warden, the only remaining defendants in this case are an unnamed doctor and two unnamed nurses. Therefore, this Court will order the Cleveland County Sheriff to provide the Court and Plaintiff with the identities of the medical personnel who treated Plaintiff during his incarceration at the Cleveland County Correctional Facility. Upon receipt of this information, Plaintiff must inform the Court which individuals he wishes to name as defendants and he must state clearly the actions attributable to each individual.

**THE COURT HEREBY ORDERS** that:

1. Defendants the Cleveland County Correctional Facility, Cleveland County, the State of North Carolina, the Medical Director and the Warden are **DISMISSED** from this matter;

2. Within twenty (20) days of the filing of this Order, the Cleveland County Sheriff's Office

shall provide the Court and the Plaintiff with the identity of all medical personnel who treated Plaintiff during his incarceration at the Cleveland County Correctional Facility; and

    4. Within fifteen(15) days of receiving the above-referenced identities from the Cleveland County Sheriff, Plaintiff must inform the Court which individuals he wishes to name as defendants and he must state clearly the actions attributable to each individual. Plaintiff is cautioned that a failure to comply with this directive will result in the dismissal of his case.

Signed: April 22, 2008

Graham C. Mullen
United States District Judge