IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV78-01-MU

| | |
|---|---|
| MICHAEL ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Appointment of Counsel (Doc. No. 7), Plaintiff's Motion for Extension of Time (Doc. No. 8), and Plaintiff's Motion to Produce Documents (Doc. No. 9), all filed May 12, 2008; and Plaintiff's Motion for Reconsideration (Doc. No. 10), filed May 16, 2008.

On March 3, 2008, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a claim of deliberate indifference to a serious medical need. More specifically, Plaintiff alleged that while he was housed at the Cleveland County Detention center from June 4, 2006 through July 7, 2006, despite the fact that he had a "decubitus ulcer' on his foot his crutches were taken away and his requests for medical attention were ignored. As a result, Plaintiff alleges that his leg was amputated sometime after he was released from jail.

After conducting an initial review of Plaintiff's Complaint, this Court dismissed, for the reasons set forth in its April 22, 2008, Order the Cleveland County Jail, the State of North Carolina, the Warden, and the Medical Director. As only unnamed medical personnel remained, this Court

ordered the Cleveland County Correctional Facility to provide the Court and Plaintiff with the identity of all medical personnel who treated Plaintiff during his incarceration at the facility. This Court also ordered Plaintiff to inform this Court within fifteen days of receiving these names which individuals he wished to name as defendants.

The Cleveland County Correctional Facility responded on May 1, 2008, that only one medical personnel had treated Plaintiff while he was incarcerated and that was nurse Kim Jackson. In response to this information Plaintiff has filed the four above-referenced motions.

Plaintiff requests that the Court provide him with court-appointed counsel to assist him in pursuing this case. Appointment of counsel under §1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Plaintiff is adequately representing himself and his motion is denied.

Plaintiff also asks this Court to order the defendants to produce various documents. At present there are no named defendants and the Complaint has not even been served. As such, no answer or response has even been filed yet. Plaintiff's request is premature at best and is denied.

Plaintiff has also filed a Motion to Reconsider. In this Motion he asks the Court to reconsider the dismissal of the Cleveland County Jail, the State of North Carolina, the Warden, and the Medical Director. Plaintiff provides no basis for this Court to reconsider its April 22, 2008, Order and such

motion is denied.[1]

Finally, Plaintiff requests additional time to name the individuals he wishes to sue. For good cause shown, this Court will grant this Motion. Plaintiff has fifteen days in which to name the particular individual(s) he wishes to sue. As stated in this Court's April 22, 2008, Order, Plaintiff must also state clearly the actions attributable to each individual who is named as a defendant.

**THE COURT HEREBY ORDERS** that:

1. Plaintiff's Motion to Appoint Counsel is **DENIED**;

2. Plaintiff's Motion to Produce is **DENIED**;

3. Plaintiff's Motion to Reconsider is **DENIED** and

4. Plaintiff's Motion for Extension is **GRANTED** and within fifteen (15) days of the filing date of this order, Plaintiff must inform the Court which individuals he wishes to name as defendants and he must state clearly the actions attributable to each individual. Plaintiff is cautioned that a failure to comply with this directive will result in the dismissal of his case.

Signed: June 4, 2008

Graham C. Mullen
United States District Judge

---

[1] Plaintiff also seeks to add, the Governor and the Mayor to be added as defendants. Plaintiff provides no basis fo these individuals to be added as defendants. As previously stated – supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior.